MR. CHIEF JUSTICE HASWELL,
dissenting:
I would vacate the summary judgment and remand to the District Court for further proceedings.
The lynchpin of the majority opinion is that plaintiff Larry Williams is a public figure for all purposes as a matter of law. I disagree. In my view, this is a jury question precluding summary judgment.
In a libel action the jury, under the direction of the court, determines the law and the facts. Art. II, Sec. 7, 1972 Mont.Const. We have previously held that a person’s status as a public figure is a question for the jury to determine. *78 Madison v. Yunker (1978), 180 Mont. 54, 66, 589 P.2d 126, 133. The majority now limit Madison to cases where there is a genuine issue of material fact for the jury to determine. I agree.
My quarrel is with the majority conclusion that there is no jury question in this case. In my view, there is a genuine issue of material fact as to whether plaintiff Larry Williams is a public figure for all purposes which forecloses summary judgment.
The substance of the uncontested evidence of record in this case discloses the following facts relating to Williams’ status as a public figure at the time of the alleged libel (October 27, 1979):
(1) Williams was an unsuccessful candidate for United States Senator in 1978 and in connection therewith made numerous speeches, issued press releases, appeared on TV, and made numerous public appearances in connection with his campaign;
(2) Williams authored three books on stocks and commodities prior to 1978;
(3) Williams published an investment advisory service and traded in stock and commodities;
(4) Williams and others were selected to be members of the State Committee for Republican presidential candidate John Connally;
(5) Williams was the subject of an article in Forbes magazine in 1975 and the Wall Street Journal in 1976;
(6) Williams gave a speech to an Economic Conference in Los Angeles;
(7) Williams attended a Republican convention and gave a speech for a candidate for State Republican Chairman;
(8) Williams was a member of the National Taxpayers Union and gave testimony to a legislative committee and worked at the legislative level, made a public statement promoting balanced budgets, and issued three press releases during the legislative session.
Do these uncontested facts make Williams an all-purpose *79 public figure as a matter of law? Not at all. To establish such there must be “clear evidence of general fame or notoriety in the community, and persuasive involvement in the affairs of society.” Gertz v. Robert Welch, Inc. (1974), 418 U.S. 323, 352, 94 S.Ct. 2997, 3013, 41 L.Ed.2d 789, 812. It has been held by a federal appeals court that “a person can be a general public figure only if he is a ‘celebrity’ — his name is a ‘household word’ — whose ideas and actions the public in fact follows with great interest.” Waldbaum v. Fairchild Publications, Inc. (D.C.Cir.1980), 627 F.2d 1287, 1292, cert. denied, 449 U.S. 898, 101 S.Ct. 266, 62 L.Ed.2d 128. Examples of persons the courts have held to be all-purpose public figures are Johnny Carson [Carson v. Allied News Co. (7th Cir. 1976), 529 F.2d 206] and William F. Buckley, Jr. [Buckley v. Littell (2nd Cir.1976), 539 F.2d 882, cert. denied, 429 U.S. 1062, 97 S.Ct. 787, 50 L.Ed.2d 777]. Measured by these standards, isn’t there at least a jury question as to whether Larry Williams qualifies as an all-purpose public figure? Is Williams a celebrity whose name is a household word and whose ideas and actions the public follows with great interest? There is no evidence that the general public is even aware of his many publications and activities. Nor is there evidence of the impact of his activities on the public.
It is equally important to note other facts disclosed by the record:
(1) Williams was not a public official;
(2) Williams did not inject himself into the Pasma-Dunham controversy that gave rise to the alleged libel;
(3) Prior to the alleged libel, Williams had not served as an officer of the Republican Party, was not involved in promoting placement of Initiative 86 on the ballot, and was not involved in any activity in connection with the John Connally campaign.
A party opposing summary judgment is entitled to the benefit of all inferences that may reasonably be drawn from the offered proof. Mally v. Asanovich (1967), 149 Mont. 99, *80 105, 423 P.2d 294, 297. A case should never be withdrawn from the jury unless it appears, as a matter of law, that a recovery cannot be had upon any view of the facts which the evidence reasonably tends to establish. Miller Insurance Agency v. Home Fire Etc. Ins. Co. (1935), 100 Mont. 551, 561, 51 P.2d 628, 630. Such is not the case here. The summary judgment should be vacated and the case should proceed to jury trial.